Douglas Han, WSBA # 59429
Shunt Tatavos-Gharajeh, WSBA # 59424
Dean Petitta, WSBA # 58295
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California, 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS ROJAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation,<br><br>Defendant. | NO. 1:25-cv-03065-SAB<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT** |

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1  Plaintiff Luis Rojas, by their undersigned counsel, for their class action
2  complaint against Defendant International Paper Company, alleges as follows:

3  ## I. INTRODUCTION

4  1.1   <u>Nature of Action.</u> Defendant has engaged in a systematic scheme of
5  wage and hour abuses against its Washington hourly-paid or non-exempt
6  employees. These abuses include: (1) failing to provide employees with the rest
7  breaks to which they are entitled; (2) failing to provide employees with the meal
8  breaks to which they are entitled; (3) failing to pay all minimum wages to
9  employees for all hours worked; (4) failing to pay all overtime wages to employees
10 when they work more than 40 hours in a workweek; and (5) failing to accrue sick
11 leave for and failing to allow the usage of paid sick leave for qualifying absences
12 by employees; and (6) making unlawful deductions and rebates from employees'
13 wages. Defendant's deliberate and willful failure to pay their employees their
14 earned wages violates Washington law.

15 1.2   Plaintiff and the Class members are current and former hourly-paid or
16 non-exempt employees of Defendant who have been victimized by Defendant's
17 unlawful compensation practices. This lawsuit is brought as a class action under
18 state law to recover unpaid wages owed to Plaintiff and those similarly situated.

19 ## II. JURISDICTION AND VENUE

20 2.1   <u>Personal Jurisdiction.</u> Defendant is within the personal jurisdiction of
21 this Court. Defendant does business in the State of Washington and has
22 operations in Yakima County. Defendant is registered to conduct business in the
23 State of Washington. Defendant has obtained the benefits of the laws of the State
24 of Washington and the Washington retail and labor markets.
25 / / /
26 / / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

2.2    <u>Subject Matter Jurisdiction.</u> Plaintiff denies that the Federal District Court for the Eastern District of Washington has subject matter jurisdiction over this putative wage and hour class action. Regardless, the Court presently at least has jurisdiction to determine *whether* it has jurisdiction based on Defendant's removal to federal court. Plaintiff and the Plaintiff class intend to seek remand to state court.

2.3    <u>Venue.</u> Venue was proper in Yakima County because Defendant operates and transacts business in Yakima County. RCW 4.12.025(1), (3). Because Defendant removed this case from Yakima county and venue was proper in Yakima county, venue is now proper in the Eastern District of Washington until the case is remanded to state court.

2.4    <u>Governing Law.</u>  The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

### III.  PARTIES

3.1    <u>Plaintiff.</u> Plaintiff is a resident of Washington. Plaintiff resides in Yakima, Washington and is domiciled in Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt employee during the relevant time period.

3.2    <u>Defendant.</u> Defendant is a New York corporation with its principal place of business in Memphis, Tennessee.

### IV.  CLASS ACTION ALLEGATIONS

4.1    <u>Class Definition.</u> Pursuant to Washington Civil Rule 23 or Federal Rule of Civil Procedure 23 (depending on which Court retains subject matter jurisdiction), Plaintiff brings this case as a class action on behalf of a Class defined as follows:

/ / /

PLAINTIFF'S FIRST AMENDED COMPLAINT – 3

1
2
3

             All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from March 7, 2022 to final disposition of this action.

4
5
6
7

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

8
9
10
11

       4.2    <u>Numerosity.</u> Plaintiff believes that more than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period. Defendant conceded in its removal paperwork that the pleaded class contains over 100 non-exempt employees.

12
13
14

       4.3    <u>Commonality.</u> There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

15
16
17

           a.    Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

18
19
20

           b.    Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

21
22
23

           c.    Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

24
25
26

           d.    Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1          e.      Whether Defendant has engaged in a common course of failing

2    to ensure that Plaintiff and the Class members have received the meal breaks to

3    which they are entitled;

4          f.      Whether Defendant has engaged in a common course of failing

5    to pay minimum wages to Plaintiff and the Class members for all hours worked;

6          g.      Whether Defendant has engaged in a common course of failing

7    to pay Plaintiff and the Class members all of the overtime wages to which they are

8    entitled;

9          h.      Whether Defendant has engaged in a common course of failing

10   to accrue sick leave for and failing to allow the usage of paid sick leave for

11   qualifying absences by Plaintiff and the Class members.

12         i.      Whether Defendant has engaged in a common course of making

13   deductions and collecting rebates from the wages of Plaintiff and the Class

14   members by requiring Plaintiff and the Class members to incur employer expenses

15   and failing to reimburse them.

16         j.      Whether Defendant has engaged in a common course of failing

17   to pay Plaintiff and the Class members all the wages to which they are entitled;

18         k.      Whether Defendant failed to keep true and accurate records of

19   the hours worked, rates of pay, gross wages, and all deductions for each pay period

20   for Plaintiff and the Class members;

21         l.      Whether Defendant failed to furnish itemized pay statements to

22   Plaintiff and the Class members;

23         m.      Whether Defendant willfully deprived Plaintiff and the Class

24   members of the wages to which they were entitled;

25         n.      Whether Defendant has violated RCW 49.12.020;

26         o.      Whether Defendant has violated WAC 296-126-092;

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 ● FAX (818) 230-7259
www.JusticeLawCorp.com

1        p.      Whether Defendant has violated RCW 49.46.130;

2        q.      Whether Defendant has violated RCW 49.46.090;

3        r.      Whether Defendant has violated RCW 49.46.210;

4        s.      Whether Defendant has violated RCW 49.48.010;

5        t.      Whether Defendant has violated WAC 296-126-025;

6        u.      Whether Defendant has violated WAC 296-126-028;

7        v.      Whether Defendant has violated WAC 296-128-620;

8        w.      Whether Defendant has violated RCW 49.52.050; and

9        x.      The nature and extent of class-wide injury and the measure of

10 compensation for such injury.

11     4.4    Typicality. Plaintiff's claims are typical of the claims of the members

12 of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt

13 employee in the State of Washington. The claims of Plaintiff, like the claims of the

14 Class, arise out of the same common course of conduct by Defendant and are based

15 on the same legal and remedial theories.

16     4.5    Adequacy. Plaintiff will fairly and adequately protect the interests of

17 the Class. Plaintiff has retained competent and capable attorneys who are

18 experienced lawyers with significant experience in complex and class action

19 litigation, including employment law. Plaintiff and their counsel are committed to

20 prosecuting this action vigorously on behalf of the Class and have the financial

21 resources to do so. Neither Plaintiff nor their counsel have interests that are contrary

22 to or that conflict with those of the proposed Class.

23     4.6    Predominance. Defendant has engaged in a common course of wage

24 and hour abuse toward Plaintiff and members of the Class. The common issues

25 arising from this conduct that affect Plaintiff and members of the Class predominate

26 over any individual issues.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 ● FAX (818) 230-7259
www.JusticeLawCorp.com

4.7    <u>Superiority.</u> Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V.  SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1    Plaintiff Rojas was employed by Defendant International Paper in Yakima, Washington beginning in May 2012 until May 15, 2024. Plaintiff was employed as a forklift driver, and at his highest base wage he was paid $26.75/hour.

5.2    During his employment, Plaintiff Rojas would work rotating shifts, both day shift and graveyard shift. His day shift was generally scheduled to last from 7 am to 3 pm, and his graveyard shifts would generally be scheduled to last from 11 pm to 7 am. Swing shift was scheduled to occur between 3 pm and 11 pm.

5.3    During scheduled shift changes, all employees were expected to clock in and out on Defendant's timeclock systems, and it would routinely cause delays in clocking into and out of work.

5.4    <u>Failure to Provide Rest Breaks</u>. Plaintiff Rojas would routinely be pressured by his various supervisors, including Kevin Sooth and Josh (Last Name Unknown), to skip his ten-minute paid rest periods.

/ / /

/ / /

/ / /

PLAINTIFF'S FIRST AMENDED COMPLAINT – 7

5.5    Plaintiff would routinely be asked to skip rest periods to which he was entitled at the *end* of his shift, because he was only supposed to be working for an additional hour beyond the time the rest period would have occurred, and because his supervisors wanted to avoid disrupting or delaying relieving employees from the end of their shift.

5.6    Plaintiff would also routinely take his mandatory, non-waivable, ten-minute rest period later than the time scheduled by Defendant because production was routinely being pushed down the line and there was no relief. Furthermore, supervisors would pressure other production workers to skip their rest breaks, and Plaintiff would need to work through his as a natural consequence of other workers being pressured into skipping mandatory rest periods.

5.7    Furthermore, even when attempting to take compliant duty-free rest periods, Plaintiff's rest periods would regularly be interrupted by supervisors asking work-related questions, or providing feedback or commentary related to work. Plaintiff also witnessed other employees have interrupted rest periods, including individuals who would gather on a patio area where employees smoked, while supervisors would enter the break area and ask work-related questions.

5.8    <u>Failure to Provide Meal Breaks</u>. Plaintiff was never informed by Defendant that he was entitled to 30 minutes of duty-free lunch time, and in fact Defendant regularly staffed its facilities to schedule meal periods to not exceed 20-minutes.

5.9    For example, at the Yakima plant where Plaintiff worked was managed by Eric Lubrano, who would hold weekly plant meetings. During those meetings, Mr. Lubrano would routinely inform the entire staff present that meal breaks were not to exceed 20 minutes.

/ / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    5.10   Similar to Plaintiff's experience with skipping rest periods,
2  supervisors routinely pressured employees to skip meal periods, particularly when
3  the period was set to occur towards the end of the shift.

4    5.11   And similar to Plaintiff's experience with late rest breaks, Plaintiff's
5  meal periods were routinely taken later than five hours into his scheduled shift time.

6    5.12   While Defendant was ostensibly supposed to provide employees a
7  meal period every five hours, Plaintiff's supervisors would routinely request or
8  require Plaintiff to skip a second meal period despite being entitled to it.

9    5.13   Furthermore, Defendant would routinely require Plaintiff to work
10  significant overtime (i.e., mandatory overtime). Plaintiff frequently worked
11  approximately 50-60 hours each week. Accordingly, Defendant would routinely
12  schedule Plaintiff to work 2-4 hours longer than his normally-scheduled shift end
13  time. Despite this, Plaintiff was never informed of his right to take a third meal
14  period (again, short as it would have been per Defendant's policy), and he was
15  never permitted to take an additional meal break prior to the overtime period (even
16  if he was occasionally permitted to take a second meal period).

17    5.14   <u>Plaintiff's Termination Shows that Break Times Were Not Provided</u>
18  <u>Duty-Free.</u> Plaintiff was terminated on May 15, 2024 for allegedly "sleeping on
19  duty" during the graveyard shift.  However, Plaintiff was sleeping while attempting
20  to take his break. He was sleeping in his car off the warehouse floor. When Plaintiff
21  was awoken by his supervisor, Defendant scolded Plaintiff and told that he was not
22  permitted to be sleeping, and that he was being written up. Plaintiff was later
23  terminated for this incident. Defendant's action in terminating Plaintiff for
24  allegedly sleeping on the job when he was attempting to take his legally-mandated
25  break shows that Defendant did not actually permit employees to rest or relax
26  during their break periods.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 ● FAX (818) 230-7259
www.JusticeLawCorp.com

1     5.15   <u>Willful Failure to Pay All Minimum Wages Owed</u>. Defendant's

2 failure to provide timely, compliant meal and rest periods as described above

3 necessarily violates the Washington Minimum Wage Act.

4     5.16   Additionally, Plaintiffs would routinely be required to wait to clock in

5 or out in Defendant's time clock system, which caused Defendant's timekeeping

6 records to be inaccurate as to the ultimate hours of work.

7     5.17   Plaintiff recalls that supervisors would discipline employees for

8 clocking out later than their time scheduled for that particular day, which would in

9 turn fuel the pressure to skip mandatory and non-waivable rest periods, and to skip

10 meal periods.

11     5.18   As the designer and architect of its own timekeeping systems in

12 conjunction with a payroll vendor, Defendant would have control over and

13 knowledge of the functionality associated with the usage of that system by its

14 employees.

15     5.19   Further, Defendant's explicit policy of limiting meal period time to

16 20-minute increments necessarily violates the minimum wage act and shows

17 willfulness.

18     5.20   Additionally, Defendant engaged in a system of "rounding" Plaintiff's

19 time to the nearest 6 minutes for purposes of calculating payroll, meaning that even

20 slight deviations caused by delays in clocking in would inure to the company's

21 benefit. Plaintiff's pay stubs show all of his time rounded to the nearest ".1."

22 / / /

23 / / /

24 / / /

25

26

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 ● FAX (818) 230-7259
www.JusticeLawCorp.com

5.21   <u>Failure to Pay Overtime Wages</u>. Defendant would routinely provide additional payments to Plaintiff without factoring those payments into his regular rate of pay. For example, during the pay period beginning October 31, 2022 and ending November 13, 2022, Defendant paid Plaintiff two different base wage rates and two different overtime rates that correlated precisely with a 1.5-times multiplier of the base rate (e.g., $24.89*1.5=$37.33 and $25.64*1.5=$38.46). However, Defendant did not factor in additional payments into Plaintiff's regular rate which should have increased it, including a $30.00 payment for "meal time," a $472.04 payment for a "retro general wage increa," and a $1,205.10 payment for "other earnings >>>>." In another pay period in that same year, Defendant paid Plaintiff a "basic pay adjustment" of $1,379.88 which does not appear to have been factored into the regular rate.

5.22   Furthermore, Plaintiff's overtime rate claim would be proved by his other claims for meal and rest breaks being true, including that he would be entitled to compensation at his overtime rate for hours worked which were not recorded on the clock, and in the calculation of meal and rest period premium payments.

/ / /

/ / /

/ / /

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    5.23    <u>Unlawful Deductions and Rebates</u>. Defendant requires Plaintiff to use

2    his personal vehicle to travel to and from Defendant's Fruitvale street location to

3    assist customers with palletized units. Plaintiff also witnessed Defendant require

4    other employees to make these trips as well. Plaintiff and other employees would

5    routinely show up to work at the Yakima location, be directed to travel to the

6    Fruitvale street location, and would not be permitted to be clocked in for this travel

7    time. He would be required to clock out upon leaving the Yakima plant, and would

8    clock back in upon arriving at the Fruitvale street location. Plaintiff would likewise

9    not be reimbursed for gas, mileage, or any other vehicle-related expenses for the

10    use of his personal vehicle. This was so despite a period of increased gas prices. As

11    a result of Plaintiff being required by Defendant to use his personal vehicle to travel

12    the approximately 10-15 miles to Defendant's Fruitvale location, Plaintiff was not

13    paid any wage for the travel time, and incurred net losses in the form of

14    unreimbursed gasoline and mileage expenses, thereby reducing his net earnings

15    below the minimum wage (and in fact below zero).

16    5.24    <u>Failure to Accrue Sick Leave</u>. As a result of Defendant's failure to

17    account for all hours of Plaintiff's work (including in the form of meal and rest

18    periods, off-the-clock work, and rounding), Defendant failed to account for accrual

19    of sick leave for all hours of work.

20    5.25    <u>Failure to Pay Final Wages</u>. As with sick leave, Defendant's failure to

21    account for all hours of work would necessarily cause Plaintiff's final wages to be

22    inaccurate and incomplete. Plaintiff's final wages do not reflect any retroactive

23    payments for missed meal or rest breaks, off-the-clock work, or other wage and

24    hour-related issues.

25    / / /

26    / / /

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.26   <u>Failure to Maintain Accurate Payroll Records</u>. Plaintiff's records are incomplete and insufficient because they do not accurately reflect all hours worked and all compensation owed based on the claims as described above. They do not reflect off-the-clock work hours, they do not reflect accurate meal and rest period premium payments, they do not reflect accurate accrual of sick leave, they do not reflect accurate overtime rates, and they do not reflect accurate wage payments overall.

## VI.  SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS

6.1   Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

6.2   <u>Failure to provide rest breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

6.3   Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

6.4   Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

6.5   Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

6.6   Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1   6.7    As a result of Defendant's common course of failing to provide proper

2   rest breaks to Plaintiff and the Class members, Defendant failed to maintain

3   accurate records of hours worked by Plaintiff and the Class members.

4   6.8    Defendant had actual or constructive knowledge of the facts set forth

5   above.

6   6.9    <u>Failure to provide meal breaks.</u> Defendant has engaged in a common

7   course of failing to provide Plaintiff and the Class members with a thirty-minute

8   meal break for every five hours of work.

9   6.10   Defendant has engaged in a common course of requiring or permitting

10  Plaintiff and the Class members to work more than five consecutive hours without

11  a meal break.

12  6.11   Defendant has engaged in a common course of failing to ensure

13  Plaintiff and the Class members have received the meal breaks to which they are

14  entitled.

15  6.12   Defendant has engaged in a common course of failing to ensure

16  Plaintiff and the Class members are fully relieved of all work duties during their

17  meal breaks.

18  6.13   Defendant has engaged in a common course of failing to provide

19  Plaintiff and the Class members with thirty minutes additional pay and/or time

20  worked for each missed meal break.

21  6.14   Defendant had actual or constructive knowledge of the facts set forth

22  above.

23  6.15   <u>Failure to pay minimum wages for all hours worked.</u> Defendant has

24  engaged in a common course of failing to pay minimum wages to Plaintiff and the

25  Class members for all hours worked.

26  / / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.16   Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

6.17   Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.18   Defendant had actual or constructive knowledge of the facts set forth above.

6.19   <u>Failure to pay all overtime wages due</u>. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

6.20   Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

6.21   Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

6.22   Defendant had actual or constructive knowledge of the facts set forth above.

6.23   <u>Unlawful Deductions and Rebates</u>. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members.

/ / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 ♦ FAX (818) 230-7259
www.JusticeLawCorp.com

6.24    Defendant has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

6.25    Defendant had actual or constructive knowledge of the facts set forth above.

6.26    <u>Failure to accrue and allow use of paid sick leave</u>. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

6.27    Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

6.28    Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

6.29    Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

6.30    Defendant had actual or constructive knowledge of the facts set forth above.

6.31    <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

/ / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 ● FAX (818) 230-7259
www.JusticeLawCorp.com

1    6.32   Defendant had actual or constructive knowledge of the facts set forth

2    above.

3    6.33   <u>Failure to maintain accurate payroll records.</u> Under Washington law,

4    an employer must keep and preserve payroll records that detail the "[h]ours worked

5    each workday and total hours worked each workweek" and maintain those records

6    for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW

7    49.46.0040(3).

8    6.34   Defendant has engaged in a common course of failing to keep accurate

9    records of the hours Plaintiff and the Class members worked each day or the total

10   hours they worked each week.

11   6.35   Defendant had actual or constructive knowledge of the facts set forth

12   above.

## VII. FIRST CLAIM FOR RELIEF

### (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)

16   7.1   Plaintiff and the Class reallege and incorporate by reference each and

17   every allegation set forth in the preceding paragraphs.

18   7.2   RCW 49.12.010 provides that "[t]he welfare of the state of

19   Washington demands that all employees be protected from conditions of labor

20   which have a pernicious effect on their health. The state of Washington, therefore,

21   exercising herein its police and sovereign power declares that inadequate wages

22   and unsanitary conditions of labor exert such pernicious effect."

23   7.3   RCW 49.12.020 provides that "[i]t shall be unlawful to employ any

24   person in any industry or occupation within the state of Washington under

25   conditions of labor detrimental to their health."

26   / / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5    WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

7.6    Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

7.7    Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

7.8    Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

7.9    By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

7.10    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII.  SECOND CLAIM FOR RELIEF

### (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)

8.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

/ / /

/ / /

/ / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

8.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

8.5    WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6    Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

8.7    Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

8.8    Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

8.9    By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

8.10    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

/ / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 ● FAX (818) 230-7259
www.JusticeLawCorp.com

# IX.  THIRD CLAIM FOR RELIEF

## (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

9.1     Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

9.3     By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

9.4     As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

# X.  FOURTH CLAIM FOR RELIEF

## (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

10.1   Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2   Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1    10.3    By the actions alleged above, Defendant has violated the provisions

2    of RCW 49.46.090.

3    10.4    As a result of the unlawful acts of Defendant, Plaintiff and the Class

4    members (but not all) have been deprived of compensation in amounts to be

5    determined at trial, and Plaintiff and the Class members are entitled to the recovery

6    of such damages, including interest thereon, attorneys' fees and costs under RCW

7    49.46.090.

8    ## XI.  FIFTH CLAIM FOR RELIEF

9    ### (Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue

10    ### and Allow Use of Paid Sick Leave)

11    11.1    Plaintiff and the Class reallege and incorporate by reference each and

12    every allegation set forth in the preceding paragraphs.

13    11.2    The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and

14    its implementing regulations WAC 296-128-620, require that employees accrue

15    paid sick leave for all hours worked at a rate of at least one hour for every forty

16    hours worked.

17    11.3    Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff

18    and the Class members at their regular and normal wages.

19    11.4    By the actions alleged above, Defendant has violated the provisions

20    of RCW 49.46.210 and WAC 296-128-620.

21    11.5    As a result of the unlawful acts of Defendant, Plaintiff and the Class

22    members (but not all) have been deprived of compensation in amounts to be

23    determined at trial, and Plaintiff and the Class members are entitled to the recovery

24    of such damages, including interest thereon, attorneys' fees and costs under RCW

25    49.46.090.

26    / / /

PLAINTIFF'S FIRST AMENDED COMPLAINT – 21

# XII.  SIXTH CLAIM FOR RELIEF

## (Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)

12.1   Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

12.2   Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

12.3   RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

12.4   By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

12.5   As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

# XIII.  SEVENTH CLAIM FOR RELIEF

## (Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)

13.1   Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

/ / /

/ / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

13.2   RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

13.3   By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

13.4   As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIV.  EIGHT CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

14.1   Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2   RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

14.3   Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

/ / /

/ / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

14.4  RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

14.5  As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A.    Certify the proposed Class;

B.    Appoint Plaintiff as Class representative;

C.    Appoint the undersigned attorneys as Class counsel;

D.    Declare that the actions complained of herein violate Washington law;

E.    Award Plaintiff and the Class members compensatory and exemplary damages;

F.    Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

/ / /

/ / /

/ / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1      G.      Award pre-judgment and post-judgment interest to Plaintiff, and the

2   Class members, as provided by law;

3      H.      Grant such other and further relief as this Court deems necessary.

4      RESPECTFULLY SUBMITTED AND DATED this 6th day of June, 2025.

**JUSTICE LAW CORPORATION**

By:   /s/ *Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
By:   /s/ *Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
By:   /s/ *Dean Petitta*
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On June 5, 2025, I transmitted a true copy of:

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

in the above-entitled matter to:

Clarence M. Belnavis, WSBA # 36681          **[X] By ECF**
cbelnavis@fisherphillips.com                **[X] By Electronic**
Ryan R. Jones, WSBA # 52566                 **Mail per e-service**
rrjones@fisherphillip.com                   **agreement**
Carmen Livengood *(Serving Only per E-Service Agreement)*
clivengood@fisherphillips.com
**Legal Staff:**
Cyndi McClintock
cmcclintock@fisherphillips.com
Jazmine Matautia
jmatautia@fisherphillips.com
Stacey Miller
slmiller@fisherphillips.com
**FISHER & PHILLIPS LLP**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101

*Attorney(s) for Defendant International Paper Company*

        Executed on June 5, 2025, at Seattle, Washington.

                              /s/ *Dean Petitta*
                              Dean Petitta

PLAINTIFF'S FIRST AMENDED COMPLAINT – 26