FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 16, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS ROJAS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation,<br><br>　　　　　Defendant. | No. 1:25-CV-03065-SAB<br><br>**ORDER DENYING MOTION FOR REMAND** |

　　　Before the Court is Plaintiff's Motion for Remand, ECF No. 12. Plaintiff is represented by Douglas Han, Dean Petitta, and Shunt Tatavos-Gharajeh. Defendant is represented by Clarence Belnavis and Ryan Jones. The motion was considered without oral argument.

　　　Plaintiff moves the Court to remand this matter for lack of subject matter jurisdiction. Having reviewed the briefs, Notice of Removal, First Amended Complaint, and caselaw, the Court denies the Motion.

## BACKGROUND

　　　This putative class action case was filed in Yakima County Superior Court on March 7, 2025. On May 15, 2025, Defendant removed the matter to the U.S. District Court for the Eastern District of Washington based on (1) diversity

**ORDER DENYING MOTION FOR REMAND ~ 1**

jurisdiction, 28 U.S.C. § 1332(a), and (2) the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Defendant is incorporated in New York State with a principal place of business in Memphis, Tennessee.

In his First Amended Complaint, Plaintiff brings claims for (1) failure to provide rest periods, in violation of Wash. Rev. Code § 49.12.020 and Wash. Admin. Code § 296-126-092; (2) failure to provide meal periods, in violation of Wash. Rev. Code § 49.12.020 and Wash. Admin. Code § 296-126-092; (3) failure to pay overtime wages, in violation of Wash. Rev. Code § 49.46.130; (4) payment of wages less than entitled, in violation of Wash. Rev. Code § 49.46.090; (5) failure to accrue and allow use of paid sick leave, in violation of Wash. Rev. Code § 49.46.210 and Wash. Admin. Code § 296-128-620; (6) unlawful deductions and rebates, in violation of Wash. Rev. Code § 49.52.060 and Wash. Admin. Code § 296-126-028; (7) failure to pay all wages due at termination, Wash. Rev. Code § 49.48.010; and (8) willful refusal to pay wages, in violation of Wash. Rev. Code § 49.52.050.

Three state law claims include attorney's fee shifting statutes: Wash. Rev. Code § 49.48.030,[1] Wash. Rev. Code § 49.46.090(2),[2] and Wash. Rev. Code §

---

[1] **Attorney's fee in action on wages—Exception.**
In any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, that this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

[2] **Payment of amounts less than chapter requirements—Employer's liability—Assignment of claim.**
[. . .]
(2) At the written request of any employee paid less than the amounts to which he or she is entitled under or by virtue of this chapter, the director may take an assignment under this chapter or as provided in RCW 49.48.040 of such claim in trust for the assigning employee and

**ORDER DENYING MOTION FOR REMAND ~ 2**

49.52, which includes § 49.52.070.³

Further, Plaintiff brings this matter on behalf of himself and a proposed class, identified as:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from March 7, 2022, to final disposition of this action.

Plaintiff excludes any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, or Defendant's legal representatives, assignees, and successors. The parties indicate the potential class includes more than 100 non-exempt employees.

As to Plaintiff individually, he alleges he was employed by Defendant in Yakima, Washington, from May 2012 to May 14, 2024. He worked as a forklift driver with a base wage of $26.75 per hour. He worked both day shift, from 7:00 a.m. to 3:00 p.m., and graveyard shift, from 11:00 p.m. to 7:00 a.m. The swing shift was scheduled for 3:00 p.m. to 11:00 p.m. He alleges supervisors, including Devin Sooth and "Josh" would regularly pressure him and other workers to skip his 10-minute paid rest periods or take them at a later time. He also alleges the

---

may bring any legal action necessary to collect such claim, and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court.

³ **Civil liability for double damages.**
Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

**ORDER DENYING MOTION FOR REMAND** ~ 3

breaks he and other employees did get were regularly interrupted by supervisors. Further, he alleges staff were informed their lunch meal breaks were not to exceed 20 minutes when they were actually entitled to 30-minute breaks. He alleges he was regularly asked to skip his second meal period.

As for overtime, he alleges he and others were routinely required to work overtime upwards of 2-4 hours, amounting to a total of 50-60 hours of work a week. He did not receive notice that he should get a third meal break. Plaintiff also alleges Defendant engaged in a system of rounding up employees' time for payroll to the nearest 6 minutes, which inaccurately reflected actual worked time. As well, he alleges Defendant paid at different base wage rates and overtime rates, improperly calculating actual wages for the work done, and Defendant required employees, including Plaintiff, to use their personal vehicles for work-related travel without compensation or rebates. This all resulted in inaccurate wages and failure to accrue proper sick leave time.

On May 15, 2024, Defendant terminated Plaintiff from his job for allegedly sleeping during a graveyard shift. Plaintiff alleged he was sleeping in his car while on a break, off the warehouse floor, and his final termination was a result of Defendant's unlawful employment practices.

Plaintiff seeks to certify the putative class, a declaration Defendant violated Washington State law, and to recover compensatory damages, exemplary damages, and costs and fees.

## LEGAL STANDARD

Under 28 U.S.C. § 1447(c), a district court must remand a case for lack of subject matter jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), states:

> (a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1)   citizens of different States;

**ORDER DENYING MOTION FOR REMAND** ~ 4

The party seeking to assert diversity jurisdiction bears the burden of proof. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). For determining whether there is complete diversity, § 1332(c)(1) defines citizenship for a corporation as (1) in the corporation's state of incorporation, and/or (2) the corporation's principal place of business. Under the "nerve center" test, a corporation's principal place of business is typically where it is headquartered, or at "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

For the amount in controversy, and on a challenge to removal, 28 U.S.C. § 1446(c)(2)(B) states:

> **(c)  Requirements; removal based on diversity of citizenship.--**
> **(1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.
>
> **(2)**    If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
> [. . .]
>
> **(B)**    removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

The U.S. Supreme Court reiterated the evidentiary standard: "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the

**ORDER DENYING MOTION FOR REMAND ~ 5**

jurisdictional threshold." *Id.* at 89. Once contested, the removing party bears the burden of proving the assumptions regarding the amount are reasonable. *See Harris v. KM Industrial, Inc.*, 980 F.3d 694, 701 (9th Cir. 2020). If the complaint does not include a demand for a dollar amount, the removing party must show the amount in controversy exceeds $75,000. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

If the amount is not facially apparent, a district court may consider facts presented in the removal and require parties to submit summary judgment-type evidence on the amount in controversy. *Id.* (citation omitted). A court may resolve factual disputes itself. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014).

The amount in controversy reflects the estimate of the total amount in dispute and not the estimate of a defendant's liability. *See Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It is the maximum recovery a plaintiff could reasonably recover. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). "This includes any result of the litigation, excluding interests and costs, that entail[s] payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citation omitted). This also includes any damages, the cost of complying with an injunction, and attorney's fees awarded under fee shifting statutes. *See id.* at 648–49.

Analyzing the value of future attorney's fees is in the purview of district courts because they "have developed expertise in determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate when awarding attorneys' fees under a statute or contract authorizing recovery of reasonable attorneys' fees at the close of litigation." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

## ANALYSIS

Defendant is incorporated in New York State with a principal place of

**ORDER DENYING MOTION FOR REMAND** ~ 6

business in Memphis, Tennessee. Its headquarters in Memphis is the "nerve center" of its operations. *Hertz Corp.*, 559 U.S. at 80. Merely conducting business in Washington State does not defeat diversity jurisdiction for the purposes of challenging subject matter jurisdiction.

Further, Defendant has shown the amount in controversy exceeds the $75,000 threshold by a preponderance of the evidence, as required by §1446(c)(2)(B). Plaintiff asserts several claims under Washington State law, three of which include attorney's fee shifting statues—Wash. Rev. Code § 49.48.030, Wash. Rev. Code § 49.46.090(2), and Wash. Rev. Code § 49.52, including §49.52.070. The Ninth Circuit allows for the consideration of future attorney's fees available under fee-shifting statutes for establishing an amount in controversy. *See Gonzales*, 840 F.3d at 648–49.

Here, Plaintiff's case involves eight claims related to Defendant's alleged failure to pay out proper wages; adhere to break times, meal times, and overtimes hours; and other state law employment violations. Defendant estimates litigation through discovery and to dispositive motions, such as to summary judgment, will include work in excess of 100 hours. The Court finds this estimate reasonable.

As evidence of an estimate for reasonable attorney's fees, Defendant provides documentation from a putative class action case related to violations of California labor law that involved Plaintiff's counsel Mr. Han, Mr. Tatavos-Gharajeh, and their associate—*Alcazar v. California United Mechanical, Inc.*, Case No. 3:21-CV-09003 (N.D. Cal., Sept. 10, 2024). Mr. Han filed a declaration with the U.S. District Court for the Northern District of California in 2024 indicating his rate as $900 per hour, Mr. Tatavos-Gharajeh at $800 per hour, and their associate at $500 per hour. The description of work in *Alcazar* included interviews and analysis of employment files; evaluating claims and defenses; researching similar wage-and-hour class action claims; locating and interviewing potential class members; drafting notices to pertinent parties; reviewing the

**ORDER DENYING MOTION FOR REMAND** ~ 7

defendant's answer to the complaint; drafting discovery requests; analyzing the defendant's labor practices; researching class certification issues; estimating liability for potential settlement; drafting a brief for mediation; participating in mediation; and finalizing the settlement. Plaintiff's counsel in that matter submitted for a total of 766.5 hours works, splitting the total into 242.7 for Mr. Han, 235.2 for Mr. Tatavos-Gharajeh, and 288.6 for their associate. This amounted to a fees request of $550,890. In *Alcazar*, Mr. Han further stated this number was in line with similar cases nationwide and consistent with market rates for employment law litigation involving putative class actions.

      Though each case has individual facts that require different litigation strategies and resources, the Court finds relevant that the *Alcazar* case did not reach the summary judgment phase and yet far exceeded $75,000 in attorney's fees, before any other damages award, with the same attorneys in this matter. Given that this Court also requires the parties to engage in mediation sometime before trial, it is reasonable this matter would incur attorney's fees for Plaintiff similar to those in *Alcazar* or, at a minimum, in excess of the jurisdictional amount for satisfying § 1332(a).

      Having relied on its own expertise in evaluating litigation expenses, *see Fritsch*, 899 F.3d at 796, caselaw, and a review of the evidence presented, the Court finds Defendant has shown by a preponderance of the evidence that the estimated cost of litigating this matter as to Plaintiff alone and just considering attorney's fees as allowed under the fee-shifting statutes, *see Gonzales*, 840 F.3d at 648–49, this matter exceeds the $75,000 jurisdictional threshold.[4] Defendant has met its burden in showing "the assumptions regarding the amount are reasonable."

---

[4] Both parties make additional arguments as to jurisdiction under CAFA. Given the Court finds it has subject matter jurisdiction under 28 U.S.C. § 1332(a), it need not address whether jurisdiction under CAFA applies, at this time.

**ORDER DENYING MOTION FOR REMAND** ~ 8

*Harris*, 980 F.3d at 701.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Remand, ECF No. 12, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 16th day of July 2025.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR REMAND ~ 9**